UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julian E. Rochester, # 171519, | C/A No. 6:12-0586-RBH-KFM |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| John Roberts, *Chief Justice of Supreme Court of the United States*; 168 Threatening Defendants of 272 Defendants, | |
| Respondents. | |

### *Background of this Case*

Petitioner is an inmate at the Perry Correctional Institution. Prior to his current placement at the Perry Correctional Institution, Petitioner was confined at the Gilliam Psychiatric Hospital on the grounds of the Kirkland Correctional Institution. Petitioner is under an Order of Pre-Filing review. *See Graham v. Riddle*, 554 F.2d 133, 134–35 (4th Cir. 1977). *See also* Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., (then) United States District Judge.

In the above-captioned case, Petitioner has submitted a Petition for Writ of Prohibition and Mandamus directed against the Chief Justice of the Supreme Court of the United States and 168 "Threatening Defendants," which include various past or present local, state, and federal governmental officials or judges, and private citizens, some of

1

whom are attorneys. Petitioner also names various local, state, and federal governmental entities as respondents. Petitioner seeks a writ of mandamus directing Respondents to release him from prison because, according to Petitioner, his sentences have expired. Petitioner alleges that he "maxed out" his sentence on January 1, 1996.

Appended to the Petition are 99 pages of exhibits. The various exhibits (ECF No. 1-1 through ECF No. 1-7) reveal that Plaintiff has been unsuccessful in litigation filed in the United States District Court for the District of Oregon, the United States Court of Appeals for the Ninth Circuit, the Supreme Court of the United States, and in the United States District Court for the District of South Carolina.

### *Petitioner's Criminal Case*

Petitioner, on October 18, 1990, in the Court of General Sessions for Oconee County, was convicted, pursuant to a jury's verdicts, of first-degree criminal sexual conduct with a minor, second-degree criminal sexual conduct with a minor, and assault and battery of a high and aggravated nature. He received an "active" sentence of 50 years. The inmate inquiry database on the South Carolina Department of Corrections website (https://sword.doc.state.sc.us/scdc-public/, last visited on March 29, 2012) indicates that Petitioner will be eligible for parole on January 5, 2013, but his projected release date is January 11, 2023. Petitioner will be required to register as a sex offender upon release.

In *Julian Edward Rochester v. SCDC and Attorney General Charles Condon*, Civil Action No. 2:98-0146-21AJ, Petitioner on January 22, 1998, brought a habeas corpus action concerning his 1990 convictions. The Honorable Robert S. Carr, United States Magistrate Judge, on January 23, 1998, authorized service of the § 2254 petition and directed the respondents to file a return. The respondents filed a return and a motion for

2

summary judgment. On March 10, 1998, Magistrate Judge Carr apprised Petitioner of dispositive motion procedure, as required by the holding in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (district court must advise a *pro se* litigant confronted by a dispositive motion from an adverse party of his or her right to file counter-affidavits or other responsive material, and be alerted to the fact that his or her failure to so respond might result in the entry of summary judgment against him or her). Petitioner on March 16, 1998, and on March 20, 1998, responded to the motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 2:98-0146-21AJ on March 23, 1998, Magistrate Judge Carr recommended that the respondents' motion for summary judgment be granted. The parties in Civil Action No. 2:98-0146-21AJ were apprised of their right to file timely written objections and of the serious consequences of a failure to do so. Petitioner filed objections and two amended objections to the Report and Recommendation. On April 10, 1998, The Honorable William B, Traxler, (then) United States District Judge, granted the respondents' motion for summary judgment. The Clerk of Court entered the judgment in Civil Action No. 2:98-0146-21AJ on April 13, 1998.

Petitioner filed an appeal in Civil Action No. 2:98-0146-21AJ (Fourth Circuit Docket No. 98-6613). On September 17, 1998, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal, and the Supreme Court of the United States subsequently denied Petitioner's petition for writ of certiorari. *Rochester v. South Carolina Dep't of Corr.*, No. 98-6613, 161 F.3d 3 [Table], 1998 WL 647150 (4th Cir. Sept. 17, 1998), *cert. denied*, 525 U.S. 1080 (1999).

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Even when considered under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Although Petitioner is "struck out" under the so-called "three strikes" provision of the Prison Litigation Reform Act, the above-captioned case would be subject to summary dismissal even if Petitioner were not "struck out." Hence, the undersigned has not undertaken a "three strikes" analysis in this case.

Since Petitioner is, in part, seeking mandamus-type relief actually directed at state officials, this case is subject to summary dismissal. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal

4

court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587–88 & nn. 2–4 (4th Cir. 1969).

A federal district court may issue a writ of mandamus only against an employee or official of the United States. *See, e.g., Rochester v. McKie*, Civil Action No. 8:11-797-JMC-JDA, 2011 WL 2671306, *2 (D.S.C. April 11, 2011), *adopted*, 2011 WL 2671228 (D.S.C. July 8, 2011), *appeal dismissed*, No. 11-7038, 2012 WL 406456 (4th Cir. Feb. 9, 2012), which cites *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986); and *Ocean Breeze Park, Inc. v. Reich*, 853 F. Supp. 906, 915 (E.D. Va. 1994), *aff'd*, *Virginia Beach Policeman's Benevolent Association v. Reich*, 96 F.3d 1440 [Table], 1996 WL 511426 (4th Cir. June 5, 1996).

In *Gurley*, a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (in North Carolina) to prepare a free transcript. The district court in *Gurley* denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley*, 411 F.2d at 587. Hence, this federal district court cannot issue a writ of mandamus to direct the local and state Respondents to release Petitioner or to grant him parole.

Insofar as Petitioner is seeking mandamus relief against United States District Judges and United States Magistrate Judges of this federal district court, Petitioner has filed his petition in the wrong court. Petitioner can seek mandamus relief from the United States Court of Appeals for the Fourth Circuit. *In re Beard*, 811 F.2d 818, 827 & n. 5 (4th Cir. 1987) Petitioner, however, has been admonished by the Court of Appeals about his filing of frivolous mandamus pleadings there. *See In Re Julian Rochester*, No. 08-1910, 2008 WL 4218779 (4th Cir. Aug. 29, 2008).

Petitioner cannot obtain a writ of mandamus from this court against the Supreme Court of the United States, its Chief Justice, the Associate Justices, or its Clerk because a lower federal court cannot issue such a writ of mandamus against a higher federal court. *See In Re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) ("We are aware of no authority for the proposition that a lower court may compel the Clerk of the Supreme Court to take any action. ").

Petitioner cannot obtain a criminal investigation or criminal charges against Respondents. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); and *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981), which arose in South Carolina. In *Leeke v. Timmerman*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.,* and again ruled that

a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *Leeke*, 454 U.S. at 86–87. Moreover, in its opinion in *Leeke v. Timmerman*, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See id.* at 87 n.2 (citing *State v. Addison*, 2 S.C. 356, 364 (1871)).

Petitioner cannot obtain a writ of mandamus to compel state or federal law enforcement officers or prosecutors to initiate criminal proceedings. Although issued in an unpublished case, the Court of Appeals has held that, under the holding in *Linda R. S. v. Richard D.*, a litigant cannot obtain mandamus relief to compel the filing of criminal charges. *In Re Ellerbee*, No. 02-6214, 42, 2002 WL 1792110 (4th Cir. Aug. 6, 2002) (denying mandamus relief).

This Court cannot suspend or remove Respondents from their jobs. *Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court).

Insofar as Petitioner is seeking federal habeas corpus relief with respect to the alleged expiration of his state sentences, he must first exhaust his state court remedies. *Timms v. Johns*, 627 F.3d 525, 530–33 (4th Cir. 2010) (Section 2241 case). Moreover, with respect to any Section 2254 claims, Petitioner must seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive petition. *See* Rule 9 of the Rules Governing Section 2254 Cases; and *In re: Williams*, 330 F.3d 277, 281–84 (4th Cir. 2003).

Petitioner, apparently, believes that he has federal criminal charges pending against him. A search of this court's Case Management-Electronic Case Filing System reveals no pending criminal charges against Petitioner in the United States District Court

7

for the District of South Carolina. *See, e.g., Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) (district court may take judicial notice of its own files and records). As a result, Petitioner's request for a speedy trial is premature. Moreover, with respect to any possible federal criminal charges against Petitioner, this case is not yet ripe. *Ostergren v. Cuccinelli*, 615 F.3d 263, 287–88 (4th Cir. 2010). The Sixth Amendment right to a speedy trial is not applicable to Petitioner because he has not been indicted or arrested on federal charges. *United States v. Uribe-Rios*, 558 F.3d 347, 358 n. 8 (4th Cir. 2009) ("The Sixth Amendment right to a speedy trial right does not attach until indictment or arrest."). The federal Speedy Trial Act is not applicable to Petitioner because he has not been arrested or indicted on a federal criminal offense. *United States v. Rodriguez-Amaya*, 521 F.3d 437, 440–42 (4th Cir. 2008). Moreover, since Petitioner has not yet been convicted for a federal criminal offense, a Section 2255 motion would be premature. *Davis v. Scott*, 176 F.3d 805, 807–08 (4th Cir. 1999) ("Leak-Davis was not the proper party to file the application; the application purported to seek relief pursuant to 28 U.S.C.A. § 2241 when it should have sought relief under 28 U.S.C.A. § 2255; and the application was premature because Davis's direct appeal was still pending at the time.").

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Petitioner's attention is directed to the Notice on the next page.

April 2, 2012                                             s/ Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).