IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Julian E. Rochester, # 171519, ) | Civil Action No.: 6:12-cv-0586-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| John Roberts, *Chief Justice of Supreme* ) | |
| *Court of the United States*; et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC). Petitioner is under an Order of Pre-Filing Review from this Court. *See Graham v. Riddle*, 554 F.2d 133, 134-135 (4th Cir. 1977); and Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Doc. # 6, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., then-United States District Judge.

In the above-captioned case, Petitioner has submitted a Petition for Writ of Prohibition and Mandamus directed against the Chief Justice of the Supreme Court of the United States and 168 "Threatening Defendants," which include various past or present local, state, and federal governmental officials or judges, and private citizens, some of whom are attorneys.[1]

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Kevin F. McDonald.[2] [R&R, Doc. # 13.] In the R&R, the magistrate recommends that the Court dismiss the above-captioned case *without prejudice* and

---

[1] Out of an abundance if caution, to the extent Petitioner has attempted to invoke habeas relief under 28 U.S.C. § 2254, this Court has ruled on a Certificate of Appealability.

[2] In accordance with 28 U.S.C. § 636 and Local Rule 73.02, D.S.C. , this matter was referred to United States Magistrate Judge McDonald for pretrial handling.

without service of process. [*See* R&R, Doc. # 13.] Petitioner did not file objections to the R&R prior to the deadline for filing objections, though he did file a "Motion for Writ". [*See* Motion for Writ, Doc. # 16 (available to Court users only).]

## Standard of Review

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## Discussion

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and

recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Although Petitioner filed no objections before the filing deadline, this Court has reviewed the Motion for Writ he made prior to the expiration of the deadline for filing objections. In addition to not being styled as objections, this filing includes a number of crude and sexually explicit drawings in lieu of legal arguments. [*See* Motion for Writ, Doc. # 16, at 1–4 (available to Court users only).] To the extent the filing makes any reference to the case, Petitioner merely makes fleeting references to the R&R and lodges personal attacks various state and federal judges[3] involved in his previous cases. [*See id*.] Petitioner has also filed a number of other motions, well after the deadline for filing objections, which either attack the Court and the judges handling his cases, or attempt to raise additional substantive issues. Accordingly, none of the "objections" offered by Petitioner meet the applicable standard set above. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time.[4]

In light of Petitioner's failure to assert any specific objections to the Report and

---

[3] In a previous order, this Court has addressed Petitioner's attacks regarding the judges assigned to his cases. *See* Order Modifying Pre-Filing Review, Doc. #21, *Rochester v. M.V. Laubshire et al.*, No. 6:12-cv-00236 (July 10, 2012).

[4] This Court notes that in a related habeas matter, this Court has discussed Petitioner's abusive and frivolous filing practices, and warned Petitioner that any future habeas petitions which are successive or frivolous will result in the imposition of sanctions, including a fine or an order barring him from filing any more habeas petitions without prior written permission from the courts. *See* Order Warning Petitioner, Doc. # 17, *Rochester v. D. McCall*, *Warden of Perry Correctional Institution*, No. 6:12-cv-1281 (July 10, 2012). Further, in a related non-habeas matter, the Court has modified Petitioner's Order of Pre-Filing Review to require Mr. Rochester to pay the full statutory filing fee in any future non-habeas civil actions. *See* Order Modifying Pre-Filing Review, Doc. #21, *Rochester v. M.V. Laubshire et al.*, No. 6:12-cv-00236 (July 10, 2012).

Recommendation, this Court is not required to respond to his general statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006) (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)); *see also Hemingway v. Speights*, No. 3:08–cv–00849, 2009 WL 302319, at *2 (D.S.C. Feb. 6, 2009) (noting that "[a]llowing parties, including *pro se* litigants, to raise new issues or arguments at any point in the life of a case will simply result in a needless multiplication of litigation).

### **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### **Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, "objections" to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's "objections" and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Petitioner's supposed objections and adopts the

magistrate's R&R.

**IT IS THEREFORE ORDERED** that the above-captioned case is DISMISSED *without prejudice* and without service of process.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS FURTHER ORDERED** that all pending motions are DENIED as moot.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
July 10, 2012